UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

In the

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**
Submitted April 22, 2005
Decided May 9, 2005

**Before**

Hon.  RICHARD A. POSNER, *Circuit Judge*

Hon.  TERENCE T. EVANS, *Circuit Judge*

Hon.  ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 03-3078

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*,<br><br>    *v*.<br><br>ELIZABETH R. ROACH,<br>    *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 00 CR 411<br><br>Matthew F. Kennelly,<br>*Judge*. |

ORDER

This case comes  to us on remand from the Supreme Court for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005).  Each party has filed a statement of position pursuant to Circuit  Rule 54.

At Roach's original sentencing hearing, the district court granted her motion for downward departure based on diminished capacity pursuant to U.S.S.G. § 5K2.13.   Absent the downward

departure, Roach would have been required to serve a minimum of 12 months in prison. Instead, the district court sentenced Roach to five years of probation, six weeks of work release at the Salvation Army Center, six weeks of home confinement with weekend electronic monitoring, and prohibited her from obtaining credit cards without the court's prior permission. In vacating this sentence, we held that the district court abused its discretion in granting the downward departure, stated that the sentencing guidelines significantly limited the district court's ability to fashion a sentence based on considerations such as Roach's undisputed diminished mental capacity, and remanded the case for resentencing. *See United States v. Roach*, 296 F.3d 565, 573 (7th Cir. 2002).

On remand, the district court specifically stated on the record that it felt that the low end of the sentencing range was in far excess of what was warranted in this case, but resentenced according to the guidelines setting aside its own personal opinion. After *Booker* and *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), we now understand that the district court should have been free to fashion the very sentence it intended to impose originally.

In *Paladino*, we determined that sentencing errors under *Booker* were indeed errors that were both plain and constituted a miscarriage of justice. 401 F.3d at 481-83. In contrast to *Paladino*, however, after review of the record and the Rule 54 statements, we can be certain that the sentencing judge in this case would have imposed a lighter sentence than dictated by the guidelines had he not thought himself bound by the guidelines. As a result, we find that Roach was prejudiced by the illegal sentenced imposed by the district court, and, therefore, has survived plain-error review outright making the limited remand prescribed in *Paladino* unnecessary.

Accordingly, Roach's sentence is VACATED and the case is REMANDED for resentencing in accordance with *Booker*.